**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YULICET MORALES CAMPOS,

Petitioner,

v. No. 2:26-cv-003042-DHU-LF

DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement, MARY DE ANDA-YBARRA, El Paso Field Office Director, U.S. Immigration and Customs Enforcement; DAREN K. MARGOLIN, Director of the Executive Office for Immigration Review; and FNU LNU, Warden, Otero County Processing Center,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Yulicet Morales Campos' Amended Petition for Writ of Habeas Corpus ("Petition"). Doc. 3. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Cuba who entered the United States without inspection on May 12, 2022. Doc. 9-1 at 1-2. She was thereafter immediately detained by immigration officials, issued a Notice to Appear, and placed in removal proceedings. Doc. 3 ¶¶ 14-15. Petitioner was subsequently released on her own recognizance on May 20, 2022. Doc. 9-2 at 1. Petitioner complied with all conditions of release. Doc. 3 ¶ 16. She accrued no criminal history. *Id.* She also filed a timely Application for Asylum, Withholding of Removal, and for Protection Under the Convention Against Torture ("CAT"), and attended her Immigration Court hearings. *Id.*

Petitioner's Application was subsequently pretermitted by an Immigration Judge ("IJ") on February 23, 2026; the IJ entered an Order of Removal to Ecuador. Doc. 9-3 at 1. Petitioner appealed the IJ's decision and Order of Removal with the Board of Immigration Appeals ("BIA")

on March 23, 2026, which remains pending. Doc. 1 ¶ 18. Petitioner remained released pending her appeal.

Three months later, on June 24, 2026, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") at a scheduled check-in. *Id.* ¶ 20. It does not appear that Petitioner was provided with notice or a pre-deprivation hearing. *See generally* Docs. 3, 9. She was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where she remains detained. Doc. 3 ¶ 8.

Petitioner subsequently filed the instant Petition, where she argues that her re-detention with any formal hearing prior to depriving her of her liberty violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 24-52. Petitioner alternatively argues that her detention is governed by 8 U.S.C. § 1226(a) and that she is, therefore, at minimum entitled to a bond hearing. *Id.* ¶¶ 53-62. She requests a Writ of Habeas Corpus ordering Respondents to release her from detention under the same conditions of release that existed prior to her unlawful detention, or, alternatively, a bond hearing where Respondents must demonstrate why they believe that she should remain in custody. *Id.* at 13-14. Petitioner also requests that Respondents return her personal property confiscated from her at the time of her unlawful detention. *Id.* at 13 .

Respondents concede that Petitioner entered the United States without inspection in May 2022, was detained by immigration officials after her entry, was released on her own recognizance, and that she complied with all of her conditions of release. Doc. 9 at 1-2. Nevertheless, Respondents attempt to conflate Petitioner's release on recognizance with temporary parole under 8 U.S.C. § 1182(d)(5)(A); they also argue that Petitioner is subject to 8 U.S.C. § 1225. *Id.* at 4.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026

WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2022, was detained within the United States, and was subsequently released on her own recognizance for over four (4) years, developed a protected liberty interest in her release. She was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide her with notice and a pre-deprivation hearing violated her procedural due process rights. The Court will, therefore, order her immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by Section 1225 or

Section 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to Section 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th 1226, 1237 (10th Cir. 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2022, was detained by immigration officials in the country and subsequently released on her own recognizance, and re-detained over four (4) years later while still residing in the country. Petitioner's detention is, therefore, governed by Section 1226(a).

Accordingly, Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject her to the same terms as her original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide her with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that she is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that Respondents shall submit a Status Report to the Court no later than **three (3) days** from the entry of this Order confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Respondents shall promptly return Petitioner's property in their custody to her, specifically no later than thirty (30) days.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE